IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

CHERRY HENLEY, TANESHA HUDSON
AND DAVID MCNAIR,

  Plaintiff,

v.                                                                          Case No. 3:22-cv-27-NKM

CITY OF CHARLOTTESVILLE,

  Defendant.

## REPLY IN SUPPORT OF MOTION TO DISMISS

The City of Charlottesville (the "City") is committed to ensuring that it operates in an open and responsive manner for all of its citizens. To that end, the City has produced all of the relevant documents in its possession in response to the two Virginia Freedom of Information Act requests identified in the Petition for Writ of Mandamus and Complaint for Declaratory and Injunctive Relief. Having done so, and because Plaintiffs offer the Court no facts supporting either their standing to advance these claims or a resulting constitutional injury, the City respectfully requests that the Court grant its Motion to Dismiss. ECF No. 7.

**I.       Plaintiff Henley has neither statutory nor constitutional standing.[1]**

Without citation to any supporting law, Plaintiff Cherry Henley summarily asserts that she has statutory standing under the Virginia Freedom of Information Act, Va. Code §. 2.2-3700, *et seq.* ("VFOIA"). Henley's assertion rests on Henley's alleged membership in the People's Coalition, the group that submitted the VFOIA requests at issue to the City. Plaintiff's response

---

[1] Because Plaintiffs do not contend that Tanesha Hudson or David McNair have standing, the City assumes that Plaintiffs concede these two Plaintiffs lack standing as to the First Cause of Action.

too easily dismisses both the language creating a cause of action under VFOIA and the principles of constitutional standing.

VFOIA allows "[a]ny person … denied the rights and privileges conferred by this chapter [to] proceed to enforce such rights…" Va. Code § 2.2-3713(A). Moreover, the person may bring the proceeding in her own name, even if the VFOIA request was originally made in a representative capacity by her attorney. *Id.* Accordingly, the statute specifically contemplates the circumstances in which a plaintiff may be considered aggrieved. A "member" of an aggrieved "person" or entity is not one of those circumstances. Nor does Henley plead any facts to show that, as a member of the People's Coalition, she had actual authority to institute an action to enforce the rights and interests of the People Coalition. *See* Restatement (Second) of Agency § 7 (implied authority is "the power of the agent to affect the legal relations of the principal by acts done in accordance with the principal's manifestations of consent to him."). Absent allegations establishing Henley's right to act on behalf of the People's Coalition, Henley fails to establish standing.

Moreover, because Henley did not make either VFOIA request to the City, she cannot establish an injury in fact related to those requests as a matter of constitutional standing. *See Libertarian Party of Virginia v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (noting that the elements of constitutional standing include: "(1) the plaintiff is required to have sustained an injury in fact; which (2) must be causally connected to the complained-of conduct undertaken by the defendant; and (3) will likely be redressed if the plaintiff prevails.") Absent an injury in fact, Henley cannot proceed against the City under the First Cause of Action.

2

## II. The City does not possess any additional documents responsive to the VFOIA requests.

Virginia Code § 2.2-3701 defines "public records" to be "all writings… prepared or owned by, or in the possession of a public body or its officers, employees or agents in the transaction of public business." Plaintiffs acknowledge that the Virginia Risk Sharing Association ("VRSA") conducts its operations independently of the City and does not inform the City of the outcome when a settlement is reached. ECF No. 1-1 ¶ 19. Accordingly, Plaintiffs seek the disclosure of settlement-related records in VRSA's possession not because those documents are "prepared or owned by" the City, but because Plaintiffs charge that VRSA is an agent of the City.

But Plaintiffs' assertion of agency is a legal conclusion that is not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[L]abels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a Complaint suffice if it tenders naked assertions devoid of further factual enhancement."). Moreover, an assumption of agency is especially inappropriate in this case, where the only facts Plaintiffs provide the Court relevant to the question of agency are inconsistent with that relationship. *See* ECF No. 1-1 ¶¶ 17, 19 (VRSA selects attorneys to handle cases, monitors litigation, manages the process for obtaining settlements and releases and often does not even inform the City of the outcome when cases resolve).

Finally, Plaintiffs argue that VRSA's business entails the performance of arguably public functions and that the sources of its funding are public. ECF No. 11 at 5. These facts regarding a non-party are neither alleged in the Complaint nor are they relevant to the question of whether VRSA is an agent of the City.

Plaintiffs fail to allege sufficient facts to plausibly establish that VRSA operates as an agent of the City. Absent those allegations, Plaintiffs not do state a claim under VFOIA in the First Cause of Action, and it should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### III. Plaintiffs do not have standing and have not stated a claim under the First Amendment.

Plaintiffs rely on the Fourth Circuit's decision in *Overbey v. Mayor and City Council of Baltimore*, 930 F.3d 215 (4th Cir. 2019) in arguing that it is possible to allege a claim challenging nondisclosure and non-disparagement provisions in settlement agreements related to public entities. While the Fourth Circuit did reach that conclusion, Plaintiffs here allege none of the facts that supported the claims in *Overbey*.[2]

For example, Plaintiff Tanesha Hudson alleges that the settlement agreement she signed with the city included "a waiver of her constitutional right to discuss the settlement." ECF No. 1-1 ¶ 2. Hudson alleges no additional facts regarding any desire to speak about her case or settlement, whether she has been prevented from doing so, or whether she has faced retaliation as a result of her speech. The Fourth Circuit considered each of these facts an important element of the claim in *Overbey*. *Overbey*, 930 F.3d at 224. Specifically, the defendants in *Overby* retaliated against the plaintiff by retaining half of the settlement to which she was entitled after she actually exercised her constitutional right to speak. *Id.* at 220. Nor does Hudson state the specific terms of the alleged non-disparagement provision in her settlement agreement, such that either the Court or the City may assess whether it contemplates enforcement in a manner amounting to a waiver of constitutional rights to which Hudson might mount a facial challenge.

---

[2] Plaintiffs appear to abandon their claim that Henley has standing as to the Second Cause of Action.

Simply put, Plaintiff's single allegation—that she signed a nondisclosure agreement—"stop[s] short of the line between possibility and plausibility…" *Iqbal*, 556 U.S. at 678-79. Accordingly, Hudson fails to establish either standing or a plausible First Amendment Claim.

Plaintiff David McNair provides the Court with even fewer facts to support his claim. McNair alleges that he is a journalist. ECF No. 1-1 ¶ 4. According to McNair, that one fact gives him standing to mount a facial challenge to the inclusion of unspecified nondisclosure provisions in every settlement agreement related to the City. McNair—unlike the Baltimore Brew, the publication at issue in *Overbey*—does not allege that these provisions have prevented him from interviewing claimants against the City about their cases or the settlement process. *Overbey*, 930 F.3d at 227-28. The Fourth Circuit found that the Baltimore Brew had standing because the alleged facts showed that its "legally protected interest in newsgathering has, at some point, been invaded by the City's use of non-disparagement clauses…" *Id.* at 229. The Court noted, however, that the Baltimore Brew likely had not established standing for its claim for future injunctive relief because it alleged no facts showing an "*ongoing or future* injury in fact." *Id*. at 229-30 (emphasis in original).

Here, McNair alleges no facts regarding any personal impact by the alleged nondisclosure provisions on his activities as a journalist. Moreover, McNair makes no allegations regarding any ongoing or future injuries, which are perquisite to establishing standing to obtain declaratory and injunctive relief. This is the only type of relief sought in the Second Cause of Action. McNair does not have standing, has not articulated a claim for relief, and should be dismissed from this action.

**IV.     Conclusion**

For the reasons stated here, as well as those identified in the City's Brief in Support of Motion to Dismiss, ECF No. 8, the City respectfully requests that the Court grant its Motion to Dismiss. ECF No. 7.

**CITY OF CHARLOTTESVILLE**

By Counsel

s/ David P. Corrigan
David P. Corrigan (VSB No. 26341)
Blaire H. O'Brien (VSB No. 83961)
Counsel for City of Charlottesville
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia  23255
804-747-5200 - Phone
804-747-6085 - Fax
dcorrigan@hccw.com
bobrien@hccw.com

**C E R T I F I C A T E**

I hereby certify that on the 14th day of June, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> Jeffrey E. Fogel, Esq. (VSB No. 75643)
> 913 E. Jefferson Street
> Charlottesville, VA 22902
> 434-984-0300 x13 - Phone
> 434-220-4852 - Fax
> jeff.fogel@gmail.com

                        s/ David P. Corrigan
                        David P. Corrigan (VSB No. 26341)
                        Blaire H. O'Brien (VSB No. 83961)
                        Counsel for City of Charlottesville
                        Harman, Claytor, Corrigan & Wellman
                        P.O. Box 70280
                        Richmond, Virginia  23255
                        804-747-5200 - Phone
                        804-747-6085 - Fax
                        dcorrigan@hccw.com
                        bobrien@hccw.com