UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| CHERRY HENLEY, TANESHA HUDSON and DAVID McNAIR, | |
| Plaintiffs/Petitioners, | Civil Action No. 3:22-cv-00027 |
| vs. | |
| CITY OF CHARLOTTESVILLE, | |
| Defendants. | |

**FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiffs, by counsel, petition this Court for the issuance of a declaratory judgment and injunction to enforce compliance with the First Amendment and an order and for other relief pursuant to Virginia Code § 2.2-3713, to enforce compliance by the Defendant with the provisions of the Virginia Freedom of Information Act ("FOIA Act").

**PARTIES**

1. Cherry Hanley is a resident of the Commonwealth of Virginia. She heads an organization, Lending Hands, which assists women leaving jail and prisons. She is also a member of the People's Coalition which strives to reform the criminal legal system and is otherwise active on those issues. She sues in her individual capacity.

2. Tanesha Hudson is a resident of the Commonwealth of Virginia and an activist within the Charlottesville community on criminal legal issues. She had a First Amendment claim against the city that was settled in August 2020 with the city requiring a waiver of her constitutional right to discuss the settlement. She is and has been willing to speak about her settlement, including the process and specific terms but for the waiver she signed. She fears that if she speaks while the waiver is in effect, she will be subject to adverse action by the city or its employee.

3. David McNair is a resident of the Commonwealth of Virginia. He is a journalist who has spent years covering political issues in Charlottesville. He is the founder and editor of an on-line news publication called The DTM. He is interested in covering in The DTM the settlements requested in this action and future settlements as well. He is particularly interested in the settlement in the *Richardson* case, involving the former city manager who left office under controversial circumstances.

4. Defendant City of Charlottesville is a political subdivision of the Commonwealth of Virginia and a "public body" within the meaning of the FOIA Act.

**FACTS**

+

5. On May 17, 2022, the following FOIA request was made of Charlottesville by counsel on behalf of the Plaintiffs:

    For the years 2017-2021, all records concerning the settlement of claims of police misconduct, or other violation of constitutional rights, by the city or any of its employees, whether or not the claim was filed in an administrative or judicial agency and whether or not the claim was handled directly by the city or by VRSA on its behalf.

6. In response, on June 3, 2022, Defendant provided emails and letters, the substance of which were redacted and which relate to three cases that were settled. No information was provided concerning the terms of those settlements.

7. On August 15, 2022, a second FOIA request on behalf of the three Plaintiffs was submitted to the city by counsel as follows:

    For the year 2022, all records concerning the settlement of claims of police misconduct, or other violation of constitutional rights, by the city or any of its employees, whether or not the claim was filed in an administrative or judicial agency and whether or not the claim was handled directly by the city or by VRSA on its behalf.

8. In response, on August 22, 2022, Defendant provided:

    (a) Heavily redacted emails referencing settlement negotiations in the case of *Richardson v. City of Charlottesville*, Civil Action No. 3:21-cv-45;

    (b) Mr. Richardson's Stipulation of Dismissal;

    (c) Miscellaneous documents in the case of *Gilmore v. Wood*, Civil Action No. 3:21-cv-10.

9. No information was provided concerning the terms of the settlements in *Richardson* or *Gilmore*.

10. In nearly all instances, Defendant invoked Va. Code § 2.2-3705.1 (1), (2) and (3) collectively to justify its redactions.

11. Va. Code § 2.2-3705.1 (1) provides that a public entity may withhold "personnel information."

12. Va. Code § 2.2-3705.1 (2) provides that a public entity may withhold any information covered by the "attorney-client privilege."

2

13. Va. Code § 2.2-3705.1 (3) provides that a public entity may withhold attorney "work product."

14. Many of the redactions in the documents provided appear to be supported by the exemptions cited though not all documents are subject to all three of the sections cited by Defendant.

15. More importantly, it is clear that the five cases covered by Defendant's responses were settled but Defendant failed to provide the terms of the settlement, the settlement agreements or the releases provided by the Plaintiffs or to justify their exclusion.

16. In addition, there were other cases that were settled during the relevant time period but not included in the production by Defendant. Counsel is personally aware of one such settlement in June, 2018 in the case of *Hopkins v. Handy*, Civil Action No. 3:18-cv-00023 (W.D.Va.) as he was counsel of record for plaintiff in that case.

17. Defendant has a practice of referring most claims to its insurer, the Virginia Risk Sharing Association (VRSA). VRSA is a shared risk pool from among its members, all of whom are required to be public agencies. All funds expended by VRSA are public funds which are "contributed" by its members. Contributions are based on the amount of money expended on behalf of its members.

18. Acting as the agent of the Defendant, and pursuant to contract, VRSA chooses the attorney for the city or its employees and monitors the litigation. If a settlement is reached, it is reflected in a signed agreement and a release is provided by the plaintiff.

19. In each instance in which a settlement is released, the City or its agent VRSA requires the claimant to sign an agreement not to disclose the terms of the settlement and/or the incident which gave rise to the complaint and/or to promise not to disparage the city or any of its employees or officers.

20. According to the city, VRSA does not inform the Defendant of the outcome of cases in which a settlement is reached.

21. Although counsel inquired, the City refused to advise whether any cases were referred to VRSA that were not included in its responses to Petitioner as "records possessed by VRSA are not in the possession of the City."

22. On information and belief, when the city or an employee is sued, there is a mechanism within the city to direct the person or to refer the matter to the city's insurer. No records of that procedure with respect to the five cases that were identified by Defendant or any other cases were provided.

## FIRST CAUSE OF ACTION
(FOIA Mandamus)

23. The Virginia Freedom of Information Act ensures the people of the Commonwealth ready access to public records in the custody of a public body unless the public body, its

24. officers, or employees specifically elect to exercise an exemption provided by the Act or another statute. Virginia Code § 2.2-3700(B).

24. The Act states that its provisions "shall be liberally construed to promote an increased awareness by all persons of governmental activities and afford every opportunity to citizens to witness the operations of government. Any exemption from public access to records shall be narrowly construed and no record shall be withheld from the public unless specifically made exempt pursuant to this chapter or other specific provision of law." Virginia Code § 2.2-3700(B).

25. In cases where parts of the requested records are being withheld, the Act requires that the public body delete or excise "only that portion of the record to which an exemption applies" and "release the remainder of the record." Virginia Code § 2.2-3704(B)(2).

26. The failure to provide the settlement agreements and associated documents in the five cases mentioned in Defendant's FOIA responses violates the FOIA Act.

27. The failure to provide the settlement documents held by its agent, VRSA, or to justify their exclusion or even mention their existence violates the most fundamental requirements of the FOIA Act.

28. The above violations of the FOIA Act by Defendant, City of Charlottesville, deprives not only petitioners, but every citizen of the community and other interested persons, the rights granted under the provisions of the FOIA Act.

29. In addition, the policy and practice of the city requiring non-disclosure and/or non-disparagement agreements as a condition of settlement violates the First Amendment rights not only of the affected claimant but of the body politic which has a right to hear information about its government and how it is spending taxpayers' money.

30. This Petition is supported by a declaration of counsel showing good cause, attached hereto as Exhibit A.

## SECOND CAUSE OF ACTION
(First Amendment)

31. The requirement of the City of Charltttesville or its agent VRSA that persons who file claims against the city or its employees must agree, as a condition of any settlement, to limit their First Amendment right to discuss the case and the terms of the settlement, violates the First Amendment to the United States Constitution.

32. This practice of the Defendant violates the First Amendment rights not only of the person settling but of the public writ large as they are deprived of highly newsworthy information about the conduct of their government.

WHEREFORE, Plaintiffs respectfully pray that this Court:

a. Find that the failure to disclose the requested information violated the Virginia Freedom of Information Act;

b. Issue an order to the VRSA directing that it produce all records responsive to Plaintiffs' FOIA requests to the Court for *in camera* review;

c. Award Petitioners the reasonable costs and attorney's fees incurred herein pursuant to the provisions of Virginia Code § 2.2-3713(D);

d. Issue a declaratory judgment that the practice of the City of Charlottesville requiring claimants, as a condition of settlement, to waive their right to free speech violates the First Amendment to the United States Constitution;

e. Issue a preliminary and permanent injunction prohibiting the Defendant City of Charlottesville from enforcing the non-disclosure provision in the settlement reached with Plaintiff Tanesha Hudson;

f. Award Plaintiffs the reasonable costs and attorney's fees incurred herein pursuant to the provisions of 42 U.S.C. § 1988;

g. Grant such other and further relief as the Court finds just and proper.

Respectfully submitted,
CHERRY HENLEY,
TANESHA HUDSON and
DAVID MCNAIR
By Counsel

s/
Jeffrey E. Fogel  VSB #76345
913 E. Jefferson Street
Charlottesville, VA 22903
(434) 984-0300
(434) 220-4852 (fax)
jeff.fogel@gmail.com
Counsel for Plaintiffs

**CERTIFICATION OF SERVICE**

I certify that the within First Amended Complaint has been served on Defendant by filing the same with the court's ECF system on August 24, 2022, which will give notice to all attorneys of record.

s/
Jeffrey E. Fogel