# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | |
|---|---|
| CHERRY HENLEY, *et al.*, <br><br> *Plaintiffs*, <br> v. <br><br> CITY OF CHARLOTTESVILLE, <br><br> *Defendant*. | CASE NO. 3:22-cv-27 <br><br> MEMORANDUM OPINION & ORDER <br><br> JUDGE NORMAN K. MOON |

Plaintiffs Cherry Henley and David McNair[1] allege the City of Charlottesville violated the Virginia Freedom of Information Act ("VFOIA") and the First Amendment of the United States Constitution by preventing them from obtaining information about the City's settlements of civil-rights lawsuits. The Court grants the City's motion to dismiss the First Amendment claim because Plaintiffs lack standing. The Court also declines to exercise supplemental jurisdiction over the VFOIA claim and remands it to Charlottesville Circuit Court from which the case was removed.

## **Background**

The following in Plaintiff's Amended Complaint is assumed true for purposes of resolving this motion. *See King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016) (reiterating the appropriate standard of review).

---

[1] On October 17, 2022, Tanesha Hudson, a former plaintiff, was voluntarily dismissed from this action. Dkt. 24.

Plaintiff Henley, a Virginia citizen, is head of Lending Hands, an organization that assists women leaving jail and prisons, and a member of the People's Coalition, which strives to reform the criminal legal system. Dkt. 18 ("Compl.") ¶ 1. Plaintiff McNair, a Virginia citizen, is a journalist who covers political issues in Charlottesville, Virginia. *Id.* ¶ 3. As founder and editor of The DTM, an online news publication, he is interested in covering the settlements requested in this action and future settlements. *Id.*

Plaintiffs, through counsel, made two FOIA requests to the City. *Id.* ¶¶ 5, 7. On May 17 and June 3, 2022, Plaintiffs requested for the years 2017 to 2022,

> [A]ll records concerning the settlement of claims of police misconduct, or other violation of constitutional rights, by the city or any of its employees, whether or not the claim was filed in an administrative or judicial agency and whether or not the claim was handled directly by the city or by VRSA on its behalf.

*Id.* In response to both requests, the City provided redacted emails and letters relating to the settlement cases but did not provide information concerning the terms of those settlements. *Id.* ¶¶ 6, 8–9.

The City refers most litigation brought against it or its employees to its insurer, the Virginia Risk Sharing Association ("VRSA"). *Id.* ¶¶ 17, 22. VRSA, the City's alleged agent, monitors litigation and selects attorneys for the City and possesses some of Plaintiffs' requested settlement documents. *Id.* ¶¶ 17–19, 21.

In each case in which a settlement is reached, the City or VRSA "requires the claimant to sign an agreement not to disclose the terms of the settlement and/or the incident which gave rise to the complaint and/or to promise not to disparage the city or any of its employees or officers" (hereinafter, referred to as "the confidentiality provision"). *Id.* ¶ 19. The City claims that it is not informed by VRSA on "the outcome of cases in which a settlement is reached." *Id.* ¶ 20.

The Amended Complaint asserts two counts. In Count I, Plaintiffs claim that the failure to provide settlement agreements and other associated public records to them violates VFOIA. *Id.* ¶ 23–30. In Count II, Plaintiffs claim that the City's use of confidentiality provisions in settlement agreements violates the First Amendment. *Id.* ¶ 31–32.

## Legal Standard

When a party attacks the subject matter jurisdiction of the Court under Fed. R. Civ. Pro. 12(b)(1), that argument must be addressed as a threshold matter. *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431–32 (2007). A plaintiff has the burden of establishing allegations sufficient to support subject matter jurisdiction. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). Standing may be challenged under a Rule 12(b)(1) motion. *See Marshall v. Meadows*, 105 F.3d 904, 905 (4th Cir. 1997).

## Analysis

### A. First Amendment Claim

The City moves to dismiss the First Amendment claim pursuant to Fed. R. Civ. Pro. 12(b)(1) because Plaintiff McNair lacks standing.[2] Dkt. 22 at 1. To establish Article III standing, Plaintiff "must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)).

In *Overbey v. Mayor of Baltimore*, 930 F.3d 215, 219 (4th Cir. 2019), the plaintiffs

---

[2] Plaintiff Henley concedes that he lacks standing for the First Amendment claim. Dkt. 21 at 5 n.4.

brought a First Amendment challenge to the city's use of non-disparagement clauses in settlement agreements of civil rights suits against the city. The non-disparagement clause prohibited claimants from stating to the media opinions, facts, or allegations in any way connected to their settlement. *Id.* at 220. The Fourth Circuit held that the plaintiff, a local news website, had plausibly alleged an injury in fact for Article III standing in the amended complaint. *Id.* at 226.

Specifically, the Circuit emphasized that the legally protected interest was the news websites' right to gather news, which is derived from the First Amendment. *Id.* at 227. The news website had alleged that this interest had been invaded because "the City's alleged policy of making silence a condition of settlement with police brutality claimants [] prevented the [news website] from interviewing at least some of those claimants about (a) their cases or (b) their experiences with the settlement process." *Id.* at 228. Based on these allegations, the Circuit concluded that the news website had "plausibly alleged that its legally protected interest in newsgathering ha[d], at some point, been invaded by the City's use of non-disparagement clauses in settlement agreements with police brutality claimants." *Id.* at 229.

The Amended Complaint contains no factual support that Plaintiff McNair suffered an injury from the City's use of confidentiality provisions in settlement agreements. Unlike the news website in *Overbey* that sought to interview claimants but was prevented by settlement conditions, Plaintiff McNair has not alleged that he sought or attempted to interview any individual about their case or settlement with the City. As such, the Amended Complaint fails to plausibly allege that Plaintiff's legally protected interest in newsgathering has been invaded by the City's use of confidentiality provisions in settlement agreements.

Plaintiffs also allege that the City's use of confidentiality provisions violates the First

Amendment rights of "the public writ large as they are deprived of highly newsworthy information." Compl. ¶ 32. However, injury to the public is insufficient to establish an Article III case or controversy. *Lujan*, 504 U.S. at 573 ("We have consistently held that a plaintiff raising only a generally available grievance about government . . . and seeking relief that no more directly and tangibly benefits him than it does the public at large [] does not state an Article III case or controversy.").

Because the Amended Complaint fails to plausibly allege standing for the First Amendment claim, the Court grants the Rule 12(b)(1) motion to dismiss.

### B. VFOIA Claim

A court may decline to exercise supplemental jurisdiction over a claim if it "has dismissed all claims over which it had original jurisdiction." 28 U.S.C. § 1367(c)(3); *see Greer v. Trinity Fin. Servs., LLC*, No. CV 20-00972-JMC, 2022 WL 2133907, at *6 (D. Md. June 14, 2022) (declining to exercise supplemental jurisdiction over Plaintiff's remaining state law claims after the dismissal of the federal claim providing original jurisdiction). The Fourth Circuit has provided that "courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995).

The Court has neither federal question nor diversity jurisdiction over the VFOIA claim and thus can only hear the claim if it exercises supplemental jurisdiction. Having dismissed the First Amendment claim providing original jurisdiction, the Court declines to exercise supplemental jurisdiction over the VFOIA claim.

## Conclusion

The Court **GRANTS** the City's motion to dismiss the First Amendment claim, Dkt. 19, and declines to exercise supplemental jurisdiction over the VFOIA claim. The case is **REMANDED** to Charlottesville Circuit Court pursuant to 28 U.S.C. § 1441(c)(2).

The Clerk of Court is directed to send this Memorandum Opinion and Order to all parties in the case and to remand this case to Charlottesville Circuit Court.

Entered this  21st  day of November, 2022.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE